

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,818-02

**EX PARTE VERNON CHARLES WILLIAMS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 21158-85-B IN THE 85TH DISTRICT COURT
## FROM BRAZOS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to obtaining a controlled substance by fraud, and was sentenced to twenty years' imprisonment.

Applicant contends, among other things,[1] that he is being denied credit for time spent released on parole prior to revocation. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The affidavit should state whether Applicant is serving a sentence for, or has previously been convicted of, an offense which was listed in TEX. GOV'T CODE § 508.149(a) at the time of Applicant's revocation. If the denial of credit is based solely on Applicant's 1981 robbery charge, the affidavit shall state whether that robbery charge resulted in a final conviction or whether, as Applicant contends, he successfully completed a deferred adjudication community supervision for that charge. The affidavit should also address how much time was remaining on this sentence on the date that Applicant was released on parole, and how much time Applicant spent on release before the issuance of the parole-revocation warrant. The affidavit should state whether or not Applicant is receiving credit for any of the time spent on parole. Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant

has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is eligible to earn street time credit, and if so, whether he is entitled to credit for his time spent on release. The trial court shall also make findings and conclusions as to whether Applicant is receiving the proper amount of time credit for that time. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: September 28, 2016
Do not publish